UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN THE MATTER OF:

THE PETITION OF WESTGATE RESORTS, LTD. d/b/a WESTGATE RIVER RANCH RESORTS, AS THE OWNER OF A 2021 DIAMONDBACK 23' AIRBOAT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CASE NO.

Petitioner,

_____/

**PETITION FOR EXONERATION FROM
OR LIMITATION OF LIABILITY UNDER 46. U.S.C. § 30501,** *et seq.*

COMES NOW the Petitioner, WESTGATE RESORTS, LTD. d/b/a WESTGATE RIVER RANCH RESORTS, by and through its undersigned attorneys, and as owner of a 2021 Diamondback 23' airboat, alleges and respectfully advises the Court as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h), Fed. R. Civ. P., the Supplemental Rules for Certain Admiralty and Maritime Claims and the Local Admiralty Rules for the United States District Court for the Middle District of Florida.

2. The Court has jurisdiction over this claim by virtue of 28 U.S.C. § 1333, because the incident described herein occurred on navigable waters and bears a substantial relationship to traditional maritime activity as more fully alleged below.

3. Venue is proper in this Court because the incident described herein occurred on navigable waters in the Kissimmee River in the vicinity of River Ranch, Florida, in Polk County, and the vessel is currently located in this district.

4. At all times relevant hereto, the said Petitioner was the sole owner of the vessel designated as a 2021 Diamondback 23' airboat, HIN DKP13809C121.

1

5. At all times relevant hereto, the said Petitioner was and remains a corporation organized and existing under the laws of the State of Florida, with its main office located at 5601 Windhover Drive in Orlando, FL 32819.

6. On or about October 15, 2023, the said vessel owned by the Petitioner was being operated on the navigable waters of the United States. Specifically, the aforementioned vessel was being navigated out of the East Trail on the Kissimmee River by a Captain Alec Colley.

7. At the aforesaid time and date and being at the aforesaid location out of the East Trail on the Kissimmee River, the vessel owned by Petitioner was involved in an incident allegedly caused by Capt. Colley's negligent operation of the vessel, in which it allegedly collided or nearly collided with another vessel occupied by Tyler Egerton in which Sophia Lockyer was a passenger. As a result of the said incident alleged to have been caused by Capt. Colley's negligent operation of the vessel, it has been alleged that Mr. Egerton and Ms. Lockyer sustained personal injuries.

8. At the termination of the voyage during which the incident occurred, the 2021 Diamondback 23' airboat had a value of Sixty-Two Thousand dollars ($62,000.00). This value represents the maximum amount of the Petitioner's interest in the motor vessel.

9. There was no pending freight at the termination of the voyage.

10. The amount of claims arising out of the incident described in this Petition exceeds Petitioner's interest in the vessel.

11. The incident of October 15, 2023, as referred to *supra*, as well as any and all attendant and/or consequent losses or damages allegedly incurred thereby, was not due to any fault, design, neglect or want of due care on the part of the Petitioner, or by any person(s) for whom the Petitioner may be responsible, but were due solely to the fault and neglect of other persons.

12. The aforementioned incident of October 15, 2023, and any and all losses, injuries or damages resulting therefrom was occasioned and incurred without the privity or knowledge of the Petitioner at the time of its occurrence or at any time.

13. The 2021 Diamondback 23' airboat owned by Petitioner at the said time on October 15, 2023 was at all times relevant hereto staunch, tight and strong, properly functioning, and in all respects seaworthy.

14. Notwithstanding the foregoing, claims for liability have been asserted by the operator and passenger of the other vessel, Mr. Egerton and Ms. Lockyer, against the Petitioner herein.

15. Petitioner therefore desires to obtain the benefits of the provisions of the Limitation of Liability statute found in 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the various acts amendatory thereof and supplementary thereto, and in that connection contest his liability relative to the matters set forth herein.

16. No notice of claim in respect of any damage affected by the Petition was given to or filed with Petitioner more than six (6) months prior to the filing of this Petition.

17. The Petitioner files herewith an *Ad Interim* Security through an approved insurance company doing business in the state of Florida, Aspen American Insurance Company, hereby undertaking payment into the Court whenever the Court shall so Order, in the aggregate amount of the Petitioner's interest in the value of the vessel and its freight Sixty-Two Thousand dollars ($62,000.00), plus interest at the legal rate of 6% per year from the date of the *Ad Interim* Security being to secure the payment in the Court, whenever the Court shall so order, of the aggregate amount of the value of the Owner's interest in the motor vessel.

18. All and singular, the premises asserted herein are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Petitioner prays as follows:

A. That this Honorable Court adjudge the Petitioner is not liable for any claims, injury, and/or loss arising of the October 15, 2023 alleged incident, and is therefore entitled to exoneration from liability,

B. If Petitioner is adjudged liable, that such liability be limited to the Petitioner's interest in the post-accident value of the Vessel as aforesaid plus security for costs, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro rata according to the above mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

C. That this Court issued an Order (*see* Exhibit 3, Proposed Order) to include the following:

   a. Directing the issuance of Notice to all persons asserting claims with respect to the October 15, 2023 alleged incident, which this Petition seeks Exoneration from or Limitation of Liability to file their respective claims with the Clerk of this Court and to serve undersigned counsel for Petitioner a copy on or before a date to be named in the Notice (*see* Exhibit 4, Proposed Notice).

   b. Directing Petitioner to file *Ad Interim* Security as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the post-accident

      value of the Vessel as of the date of the accident, with interest at the rate of 6% per annum from the date of said security of whenever the Court shall so order.

    c. Directing that upon Petitioner's filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, its representatives, insurers, and the Vessel of any and all claims, suits, action or proceedings, whether or not already begun, with respect to the alleged accident, except in this proceeding.

D. All such other and further relief as the Court may deem proper in the premises.

Dated: April 15, 2024

                    THE GOLDMAN MARITIME LAW GROUP
*Attorneys for Petitioner*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Tel (954) 356-0460
Fax (954) 832-0878
Cel (617) 817-1887

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573