UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

THE PETITION OF WESTGATE
RESORTS, LTD d/b/a
WESTGATE RIVER RANCH                    Case. No. 8:24-cv-912-TPB-NHA
RESORTS, AS THE OWNER OF
2021 DIAMONDBACK 23' AIRBOAT,
HIN DKP13809C121,

    Petitioner.
_____/

## ORDER

Petitioner filed this admiralty action, seeking exoneration from, or limitation of, liability for an October 15, 2023 boating accident. Am. Petition (Doc. 10). Pending before me is Petitioner's motion seeking approval of an *ad interim* stipulation, issuance of a monition, and entry of an injunction (Doc. 5).[1] I grant the motion, except that I direct Petitioner to alter its method of publishing the monition to comply with Rule 1(e) of this Court's Admiralty and Maritime Practice Manual, as described further below.

---

[1] A Magistrate Judge may rule on this motion pursuant to this Court's Administrative Order on the Authority of United States Magistrate Judges in the Middle District of Florida. *In re: Authority of United States Magistrate Judges in the Middle District of Florida*, Case No. 8:20-mc-100-T-23, Doc. 3 at (e)(7)(iii)–(iv) (October 29, 2020)

## Legal Context

The Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., allows a vessel owner to limit— to the value of the vessel or the owner's interest in the vessel—the owner's liability for damage or injury that occurs without the owner's privity or knowledge. 46 U.S.C. § 30529; *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019). The procedures for seeking exoneration from or limitation of liability for damage are governed by both the Limitation of Liability Act and Supplemental Rule F of the Supplemental Rules for certain Admiralty and Maritime claims.

Under Supplemental Rule F(1), "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint[2] in the appropriate district court . . . for limitation of liability pursuant to statute." Suppl. R. F(1). Supplemental Rule F(1) also requires the vessel owner to deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or deposit approved security therefor," as well as "security for costs and, if [it] elects to give security, for interest at the rate of 6 percent per annum from the date of the security." *Id.*

---

[2] The Court previously questioned whether Plaintiff's Petition sufficed as a complaint under Supplemental Rule F(2). Doc. 6. In response, Petitioner filed an Amended Petition that meets the requirements of Supplemental Rule F(2). Doc. 10.

2

Once a vessel owner, that is, the petitioner in a Limitation of Liability Action, complies with Supplemental Rule F(1) by timely filing the complaint and making the deposit with the court, the Limitation of Liability Act and the Supplemental Rules require a court to take two actions. First, the court must issue a stay in all other claims and proceedings against the owner that are related to the incident involving the vessel at issue in the Limitation of Liability Action. *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014) (citing 46 U.S.C. § 30511). Second, a court must "issue a notice to all persons asserting related claims, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Supp. R. F(4). This notice is also known as a monition.

Petitioner asks the Court to notice potential claimants and stay related proceedings without requiring Petitioner to deposit into the Court's registry the "value of [their] interest in the vessel." *See* Doc. 5. Instead, Petitioner seeks to provide as an alternative "approved security" an "*Ad Interim* Stipulation" (Doc. 10-2). The "*Ad Interim* Stipulation" is a document in which Petitioner declares the value of the vessel at the time of the accident and agrees that they will deposit or post a bond for that amount, plus interest, into the Court's registry later, if a claimant or the Court so demands it. *Id.* The stipulation is temporary (*ad interim*) such that, if a claimant later challenges the value of

3

the vessel, the Court can order an appraisal to establish the value of the vessel. *Id.* Petitioner asks that the Court approve their amended *ad interim* stipulation, stay related proceedings, and issue notice to potential claimants. Doc. 5.

## The Stipulation

Supplemental Rule F and Section 30511 of the Limitation of Liability Act require a petitioner to provide security at the commencement of a Limitation of Liability Action. That security may be "a sum equal to the amount or value of the owner's interest in the vessel and pending freight" or an alternative "approved security." Supp. R. F(1). Ultimately, "[t]he court possesses great discretion in determining just what constitutes appropriate security." *Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268 n. 4 (W.D. La. 1991) (citing *Complaint of Kingston Shipping Co.*, 1982 A.M.C. 134 (M.D. Fla. 1981), *aff'd* 667 F.2d 34 (11th Cir. 1982)); *see also Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *1 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir. 1999) ("The Court has an absolute right to determine what constitutes approved security") (citation and internal quotation marks omitted)).

One generally "approved security" is a vessel owner's statement of the value of the vessel and agreement to be liable for the vessel's value, backed up by an assurance from the vessel's insurer that it will pay the stated value; this

4

package is known as a "stipulation." *See Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody."). "[A] stipulation is generally accepted as security if backed up by insurance covering the vessel's potential liabilities." 29-708 Moore's Fed. Prac.—Civ. § 708; *see also* 3 Benedict on Admiralty § 14, at 2–12 (7th ed. 2008) ("If the ship is still useful to [the shipowner], and he desires to keep her in operation, he will have her appraised and furnish the court with a[ ]stipulation [backed up by an insurance company] or pay the cash value for which the ship is appraised, plus freight.").

Accordingly, courts have held that a petitioner's stipulation, coupled with a letter of undertaking executed by the insurer (meaning a letter in which the insurer promises to pay the value of the vessel), qualifies as sufficient security. *See, e.g., Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294, n. 4 (9th Cir. 1997) (holding that the defendants' "letter of undertaking, which remains in effect, is sufficient to perfect in rem jurisdiction in the absence of the ship's arrest"); *Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *2 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir.

5

1999) (ordering shipowner to provide additional security because the court "ha[d] concerns about the stability and reliability of the current letter of undertaking proffered by Ocean Marine [Mutual Protection & Indemnity Association, Ltd.]"); *Matter of Compania Naviera Marasia S. A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979) (discussing practice, in connection with ad interim stipulations, of "accept[ing] letters of undertakings given by underwriters . . . in order to avoid the detention of vessels and the expense of posting security in other forms").

Here, Petitioner seeks to provide an *Ad Interim* Stipulation for its declared value of the Vessel, $62,000.00, together with interest at six percent (6%) per annum, as security. Docs. 5, 10-2. Petitioner additionally attaches to their Complaint a valuation in which non-party Marine Customs Unlimited claims to have personal knowledge of the value of the vessel, and estimates the value of the vessel during the October 15, 2023 boating accident to be $62,000.00. Doc. 10-1. And, it provides a Letter of Undertaking from their insurer, Aspen American Insurance Company ("Aspen"), promising to pay the value of the vessel. Doc. 10-2.

Because the Petitioner provides a statement of the value of the Vessel and agreement to be liable for the Vessel's value, backed up by an assurance from the Vessel's insurer guaranteeing payment, I find that their proposed *ad interim* stipulation is an "approved security" under Supplemental Rule F(1).

## Monition

Again, once a vessel owner complies with Supplemental Rule F(1) by timely filing the complaint and making the deposit with the court, the Limitation of Liability Act and the Supplemental Rules require a court to issue a monition, which is an admonishment that all claimants must file their claims against the petitioner in this action rather than in separate individual proceedings. The notice procedures for a monition are as follows:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Supp. Rule F(4).

Here, the Petitioner proposes a monition (Doc. 10-4) that provides identifying information about the Vessel, as well as the date and location of the incident for which Petitioner seeks to limit liability, such that potential

claimants are on notice. Doc. 10-4. It admonishes, "persons, entities, or corporations, having any claim or suit against Petitioner arising or resulting from the alleged accident must file a Claim . . . with the Clerk of the Court . . . and must deliver or mail to the attorneys for Petitioner, Jacqueline L. Goldman, Esq., THE GOLDMAN MARITIME LAW GROUP, 401 East Las Olas Boulevard, Suite 1400 in Fort Lauderdale, FL 33301, a copy . . . ." *Id.* at 1–2.

Petitioner proposes to publish notice of the monition for four successive weeks in The Polk Sun prior to the return date of said notice. Doc. 10-3 at 3. Such publication meets the requirements of Supplemental Rule F(4), which directs that the publication occur once a week for four successive weeks. However, the publication does not meet the requirements of Rule 1(e) of this Court's Admiralty and Maritime Practice Manual, which requires that the notice also be published in the newspaper of largest circulation in the county in which the action is pending. Thus, Petitioner must also publish notice of monition in the Tampa Bay Times. Petitioner agrees to mail a copy of the notice to every person known to have made any claim against the Vessel or Petitioners concerning the relevant voyage and incident. Doc. 10-3 at 3. Plaintiff must do so no later than the date of second publication, as is required by Supplemental Rule F(4).

Accordingly, I approve the proposed monition (Doc. 10-4) and notice procedures outlined by Petitioner (Doc. 10-3), except that the notice must also be published in the Tampa Bay Times. The deadline for claims in this action shall be September 20, 2024, which is more than 30 days from today.

## Stay

Finally, Supplemental Rule F(3) provides that, after a vessel owner complies with Supplemental Rule F(1), "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Thus, once the vessel owner asks a court to do so, "the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supp. R. F(3).

Having found that Petitioner satisfied Supplemental Rule F(1) by filing an Amended Petition that meets the requirements of a complaint, as defined by Supplemental Rule F(2), and by depositing approved security in the form of the *ad interim* stipulation, and Petitioner having requested a stay (Docs. 5, 10-3), I find a stay is required by Supplemental Rule F(3).

## Conclusion

For the reasons stated, it is hereby ORDERED:

1. The *Ad Interim* Stipulation (Doc. 10-2) is ACCEPTED as temporary "approved security" under Supplemental Rule F(1). A Claimant

9

may challenge the value of the Vessel by moving the Court for an appraisal to establish its value.

2. The Clerk is DIRECTED to add a claims deadline date of September 20, 2024, and then issue the Monition proposed by the Petitioner at Doc 10-4. Petitioner shall give notice of the Monition by publishing it in the Polk Sun and Tampa Bay Times once a week for four successive weeks prior to the return date of the Notice. No later than the date of the second weekly publication, Petitioner shall also mail the Monition to every person or corporation known by Petitioner to have a claim against Petitioner arising out of the incident set forth in the Amended Petition. *See* Supp. Rule F(4).

3. The commencement or further prosecution of any action, suit, or proceeding, in any court whatsoever, other than this proceeding, against the Petitioner or the Petitioner's property, relating to any claim arising out of, or connected with, the incident set forth in the Amended Petition, is STAYED AND RESTRAINED until the final determination of this proceeding. *See* Supp. Rule F(3).

ORDERED in Tampa, Florida on July 31, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge